AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| United States of America<br>v.<br>DAVID GELLAD<br><br>*Defendant* | )<br>)  Case No. 11-82M<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  06/04/2011  in the county of  New Castle  in the _____ District of Delaware, the defendant violated  18  U. S. C. §  2422(b), an offense described as follows:

Coercion and Enticement of a Minor

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Patrick M. McCall*
*Complainant's signature*

Patrick M. McCall, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/09/2011

*Judge's signature*

City and state: Wilmington, Delaware

Hon. Mary Pat Thynge, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 11- 82 M |
| ) | |
| DAVID GELLAD, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Patrick M. McCall, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI) Wilmington, Delaware Resident Office, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), an investigative branch of the United States Department of Homeland Security. I am a federal law enforcement officer authorized by the Secretary of Homeland Security to request the issuance of search warrants. I have been employed as a Special Agent for HSI and its predecessor agency, the United States Immigration and Naturalization Service ("INS") and United States Immigration and Customs Enforcement (ICE), for approximately twenty-three (23) years and am currently assigned to the Resident Agent in Charge Office in Wilmington, Delaware. I was previously assigned to the ICE/INS Philadelphia Office of Investigations for approximately eighteen years, where my responsibilities included conducting investigations into various types of federal crimes, including crimes involving online child exploitation. I have received training from ICE and another of its predecessor agencies, the United States Customs Service, regarding child pornography, the sexual abuse of children, the

behavior of preferential child molesters and how to conduct investigations of child sexual exploitation and obscenity crimes. As part of my work on these cases and in these training courses, I have observed and reviewed numerous examples of child pornography (as that term is defined in 18 U.S.C. § 2256) in all forms of media, including computer media. In the course of my investigative duties, I have also had contact, in the form of interviews and meetings, with preferential child pornographers and those involved in the distribution, sale, production and possession of child pornography. And I have assisted in the execution of numerous search warrants relating to investigations of child pornography crimes.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging DAVID GELLAD, age 46, a native and citizen of Canada, with violating Title 18, United States Code, Section 2422(b), Coercion and Enticement of a Minor.

4. For the reasons set forth below, I respectfully submit that this affidavit contains ample probable cause to believe that DAVID GELLAD coerced and enticed a 14-year-old female to engage in unlawful sexual activity in the State and District of Delaware.

5. The statements contained in this Affidavit are based on my experience and background as a Special Agent and on information provided by other law enforcement agents. I have not set forth every fact resulting from the investigation; rather, I have included only that information necessary to establish probable cause to charge DAVID GELLAD with violating Title 18, United States Code, Section 2422(b).

2

## **PERTINENT CRIMINAL STATUTES**

6.  Title 18, United States Code, Section 2422(b) makes it a federal crime to persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.

7.  Title 11, Delaware Code § 771 (Rape Third Degree) provides, in pertinent part:

    (a) A person is guilty of rape in the third degree when the person:

    (1) Intentionally engages in sexual intercourse with another person, and the victim has not reached that victim's sixteenth birthday and the person is at least 10 years older than the victim . . .

8.  Title 11, Delaware Code § 770 (Rape Fourth Degree) provides, in pertinent part:

    (a) A person is guilty of rape in the fourth degree when the person:

    *       *       *       *       *

    (3) Intentionally engages in sexual penetration with another person under any of the following circumstances:

    . . . .

    b. The victim has not reached that victim's sixteenth birthday.

9.  Title 11, Delaware Code § 762 defines "sexual intercourse" as including:

    (a) Any act of cunnilingus or fellatio regardless of whether penetration occurs.

    A person is guilty of rape in the third degree when the person:

    (1) Intentionally engages in sexual intercourse with another person, and the victim has not reached that victim's sixteenth birthday and the person is at least 10 years older than the victim . . .

3

10. Title 11, Delaware Code § 762 defines "sexual penetration" as including:

(a) the unlawful placement of an object (including any part of the human body) inside the anus or vagina or another person.

## DETAILS OF INVESTIGATION

11. On or about June 5, 2011, your affiant and other agents of the Department of Homeland Security Investigations (HSI) received information from University of Delaware Police Department Officer Steve Smith regarding an investigation into the criminal activities and travel of DAVID GELLAD from Canada to Newark, Delaware. As part of this investigation, Officer Smith stated that their investigation had revealed the DAVID GELLAD had traveled to the Delaware and Southeastern Pennsylvania on two occasions and had engaged in sexual contact with a 14-year-old girl whom he had met online ("Jane Doe").

12. Through interviews of the victim, it was determined that GELLAD had been chatting over the internet with the victim via various online chat platforms since October 2010. This communication was done primarily through two Apple iPod Touch devices used by Jane Doe. Over the course of this online relationship, GELLAD expressed an interest in traveling to the United States for the purpose of engaging in sexual contact with Jane Doe. During these chats, GELLAD requested that Jane Doe send him images of herself naked. Jane Doe subsequently took and transmitted to GELLAD, via the internet, three photographs of herself that were of a sexually explicit nature. Jane Doe stated that she deleted the photographs of herself after sending them to GELLAD. GELLAD, in return, transmitted, via the internet, photographs of himself and his penis to Jane Doe.

13. Jane Doe further stated that GELLAD traveled to the United States in or about March 2011 for the purpose of engaging in sexual contact with her. As part of this trip,

4

GELLAD traveled from his residence in Canada to Jane Doe's residence in Chester County, Pennsylvania and had sexual contact with Jane Doe inside her residence, including his touching of Jane Doe's breasts and vagina. To promoting this ongoing relationship, GELLAD provided Jane Doe with gifts, including watches, clothing, underwear and thongs, dresses, gift cards, and dolls. Some of these items given to Jane Doe by GELLAD, along with the two Apple iPod Touch devices used by the victim to communicate with GELLAD, have been provided to law enforcement agents.

14. Indices of the Department of Homeland Security indicate that on or about March 4, 2011, DAVID GELLAD arrived at Philadelphia International Airport from Dorval International Airport in Canada, via U.S. Airways Flight#3349Y. A check of other indices also revealed that GELLAD rented a Ford Edge from Budget Rent-A-Car at the Philadelphia International Airport.

15. Hotel records obtained by the University of Delaware Police Department revealed that DAVID GELLAD rented a room at the University of Delaware Courtyard Marriott and checked into Room 308 at approximately 9:33 p.m. on March 4, 2011.

16. Department of Homeland Security and flight records indicate that on March 8, 2011, DAVID GELLAD returned his rented Ford Edge at the Philadelphia International Airport and traveled back to the Duval International Airport in Montreal, Canada, via U.S. Airways Flight #317Q.

17. On or about June 5, 2011, Troopers of the Pennsylvania State Police Avondale, Pennsylvania Barracks received information from Jane Doe's parents regarding possible sexual

contact between Jane Doe and DAVID GELLAD at the Courtyard Marriott Hotel in Newark, Delaware over the weekend of June 3-5, 2011.

18.   In subsequent interviews with Pennsylvania State Police Troopers, Jane Doe stated that, in early June 2011, DAVID GELLAD traveled from Montreal, Canada to Newark, Delaware for the purpose of engaging in sexual contact with her. DAVID GELLAD and Jane Doe planned this sexual encounter via online communications and chats between March 2011 and June 2011. During the interview, Jane Doe stated that GELLAD picked her up at a prearranged location near her residence in Chester County, Pennsylvania. Jane Doe stated that GELLAD arrived to pick her up in a red SUV at a cemetery not far from her home. Jane Doe stated that she entered GELLAD's vehicle and drove with him to the Courtyard Marriott in Newark, Delaware, where he had reserved a room. GELLAD escorted Jane Doe to a room within the hotel and subsequently began to remove his and her clothes. Jane Doe stated that GELLAD began kissing her and touching her breasts and vagina. Jane Doe stated the GELLAD asked to engage in vaginal intercourse with her and told her that he loved her. She refused to engage in vaginal intercourse. Jane Doe also stated that GELLAD ultimately performed oral sex on her, digitally penetrated her vagina, and placed her hand on his erect penis. Subsequent to the encounter, GELLAD and Jane Doe left the room, entered his rented red SUV, and traveled back to Pennsylvania to the prearranged meet location.

19.   Jane Doe stated that soon after the encounter, her father learned of her contact with GELLAD and sent GELLAD a text message of a threatening nature via Jane Doe's cellular phone. Based on this text message, GELLAD immediately fled the United States back to Canada.

20. Indices of the Department of Homeland Security indicate that on or about June 3, 2011, DAVID GELLAD arrived at Philadelphia International Airport from Dorval International Airport in Canada, via U.S. Airways Flight#3179Q. A check of other indices also revealed that GELLAD rented a red Cadillac SRX SUV from Budget Rent-A-Car at the Philadelphia International Airport.

21. Hotel records obtained by the University of Delaware Police Department revealed that on or about June 3, 2011, DAVID GELLAD rented a room at the University of Delaware Courtyard Marriott and checked into Room 223 at approximately 10:30 p.m.

22. University of Delaware Police Department officers obtained surveillance footage of the Courtyard Marriott Hotel in Newark, Delaware based on Jane Doe's statements regarding her encounter with GELLAD. This video footage shows a red Cadillac SUV entering and exiting the hotel premises. The footage also shows DAVID GELLAD exiting the red Cadillac SUV with a female minor and the two of them entering the hotel. After showing video footage of the Courtyard Marriott to her, Jane Doe identified GELLAD and herself in the video arriving in the red SUV and entering the hotel.

23. Department of Homeland Security indices and other flight records indicate that on June 4, 2011, DAVID GELLAD returned his rented red Cadillac SRV SUV at the Philadelphia International Airport and traveled back to the Duval International Airport in Montreal, Canada, via U.S. Airways Flight #3176Q. GELLAD's actual departure flight differed from his previously scheduled departure flight for June 5, 2011.

24. On June 8, 2011, Delaware State Police High Tech Crime Unit (HTCU) and HSI Computer Forensic Agents began a forensic analysis of the Apple iPod Touch devices utilized by

7

Jane Doe to communicate with GELLAD. The examination is ongoing, due to the need to acquire additional equipment compatible with certain aspects of the iPod devices. Nonetheless, agents have located a May 30, 2011 email from "David" to Jane Doe. In the email, "David" discusses his plan to meet Jane Doe during the upcoming weekend and states words to the effect that he is dying to be with her and that he loved her more than anything. The contact information for "David" within the iPod contains a photograph of an adult male. This photograph has been compared to the identified photographs of DAVID GELLAD obtained by law enforcement agents. The photographs appear to be of the same individual.

25. Based on the above information, there is probable cause to believe that between, on or about October 2010 to June 5, 2011, DAVID GELLAD used a facility of interstate or foreign commerce to coerce and entice a minor to engage in unlawful sexual conduct, in violation of Title 18, United States Code, Section 2422(b).

Respectfully submitted,

_Patrick M. McCall_
SA Patrick M. McCall, HSI

Sworn and subscribed before me
this 9 day of June 2011

_____
Honorable Mary Pat Thynge
United States Magistrate Judge