IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 11-88-SLR |
| | ) | |
| DAVID GELLAD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Edward J. McAndrew, Assistant United States Attorney for the District of Delaware, and the defendant, David Gellad, by and through the defendant's attorney, Stephen M. Misko, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count One of the Indictment charging him with Coercion and Enticement of a Minor, in violation of Title 18, United States Code, Section 2422(b). The maximum penalties for this offense are: a mandatory minimum term of imprisonment of 10 years, to a maximum term of life, imprisonment, a fine of $250,000, full restitution, a mandatory minimum term of 5 years, to a maximum term of life, of supervised release, and a $100 special assessment.

2. The defendant acknowledges that the elements of Coercion and Enticement of a Minor are as follows:

    a. The defendant used a facility or means of interstate or foreign commerce;

  b.  The defendant knowingly persuaded, induced, enticed or coerced an individual who the defendant believed to be under 18 years old to engage in any sexual activity for which any person can be charged with a criminal offense; and

  c.  If the sexual activity had occurred, a person could have been charged with a criminal offense under federal or state law.

In this instance, the unlawful sexual activity with which the defendant could have been charged includes Title 11, Delaware Code § 770 (Rape Fourth Degree), which provides, in pertinent part:

(a) A person is guilty of rape in the fourth degree when the person:

(1) Intentionally engages in sexual intercourse with another person, and the victim has not reached that victim's sixteenth birthday . . .

11 Del. Code § 770.

The defendant admits that he is guilty of this offense of Coercion and Enticement of a Minor, in violation of Title 18, United States Code, Section 2422(b).

  3.  At or about the time of sentencing, the Government will move to dismiss Counts Two and Three of the Indictment, charging the defendant with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b).

  4.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines and the applicable mandatory statutory penalties. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court

2

imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

6. Except as provided in Paragraph 5 regarding an additional one-level reduction for acceptance of responsibility, the United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the district court.

7. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255 – except that the defendant reserves his right to appeal only if (1) the government appeals from the sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (3) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

8. The defendant agrees to pay the special assessment on the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the

Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. It is further agreed by the parties that this Memorandum of Plea Agreement represents the entire agreement entered into by the parties; that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

Respectfully submitted,

CHARLES M. OBERLY, III
United States Attorney

_____
Stephen M. Misko, Esquire
Attorney for Defendant

By: _____
Edward J. McAndrew
Assistant United States Attorney

_____
David Gellad
Defendant

Dated:

AND NOW this __11th__ day of __October__ 2012, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
United States District Judge

4