# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL DIVISION |
| | : | |
| | : | Case No. 11-cr-88-SLR |
| v. | : | |
| | : | |
| | : | |
| DAVID GELLAD | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

AND NOW, comes the Defendant, David Gellad, by and through his attorney, Stephen M. Misko, Esquire, and respectfully files **Defendant's Sentencing Memorandum**.

## BACKGROUND

David Gellad is a 44 year old citizen of Canada who, on October 11, 2012, pled guilty in the United States District Court for the District of Delaware to Count 1 of the Indictment, to wit, Coercion or Enticement of a Minor, 18 U.S.C. § 2422(b). Mr. Gellad is scheduled to appear before this Court on April 11, 2013 for sentencing. As indicated in the Presentence Investigation Report (PSR), Mr. Gellad is married and has one daughter, age 10, and one step-daughter, age 18. In December 2008, David Gellad was diagnosed with thyroid cancer with metastasis to the lymph nodes. In February 2009, he had surgery for a thyroid gland extraction and, later, two follow-up series of radioactive treatments in 2010 and 2011. Mr. Gellad also suffers from severe depression. This condition emanates from several sources, including but not limited to his cancer diagnosis and ongoing treatment, job loss as a result of the cancer surgery and convalescence, financial losses from a failed business venture, and marital issues. In 2010, Mr. Gellad had a psychological consultation and monthly follow-up appointments to address his state of anxiety, stress and depression. He was prescribed Paxil 20 mg. An extensive neuropsychological and psychological evaluation was performed by Jonathan H. Mack, Psy.D. to aid the Court in sentencing the Defendant. A report has been prepared and will be provided to the Court, Probation and the U.S. Attorney's Office under separate cover.

**SENTENCING OPTIONS**

Guideline Provisions: Pursuant to U.S.S.G., Chapter 5, Part A, based on a Total Offense Level of 31 and a Criminal History Category of I, the Defendant's guideline range for imprisonment is 108 – 135 months.

Statutory Provisions: Pursuant to 18 U.S.C. § 2422(b), the maximum term of imprisonment is life, with a mandatory minimum of term of imprisonment of ten (10) years or 120 months.

**Motion for Downward Departure and/or §3553(b)(2)(A)(ii) Sentencing Variance**

**DOWNWARD DEPARTURE**

**A.** *Applicable Law*

Section 5K2.0(b) and 18 U.S.C. § 3553(b)(2)(A)(ii) authorizes the sentencing court to impose a sentence below the range established by the applicable guidelines only if the court finds that there exists a mitigating circumstance of a kind, or to a degree, that –

(1) Has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under Title 28, Section 994(a), United States Code, taking account of any amendments to such sentencing guidelines or policy statements by act of Congress;

(2) Has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and

(3) Should result in a sentence different from that described

*The grounds enumerated in Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements.

**B.** *§ 5K2.22: Specific Offender Characteristics as Grounds for Downward Departure in Child Crimes and Sexual Offenses*

*(2) An extraordinary physical impairment may be a reason to depart downward only if and to the extent permitted by §5H1.4*

*§ 5H1.4 Physical Condition – physical condition or appearance, including physique may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines.*

Mr. Gellad's diagnosis of metastatic papillary thyroid carcinoma with cystic degeneration and hemorrhage, required neck dissection and removal of the thyroid gland. In addition, follow-up radiation treatments were required post-surgery for two consecutive years. Mr. Gellad's physician, Juan Rivera, M.D., Site Director, Endocrine Division, Montreal General Hospital, has advised that he undergo monthly blood tests for TSH levels [should remain at 0.01-0.1], Thyroglobulin levels [should remain constant below 2], and Free 14 levels [should not go over 22]. It was also suggested that Mr. Gellad periodically undergo radioactive iodine full body scan, pet scan, and neck ultrasound. There was some concern in June 2011, less than a month prior to his incarceration, that the tumor marker thyroglobulin was still detectable and required close monitoring. Since his incarceration, Mr. Gellad has not received the necessary blood tests, as provided for above, nor has he been given the suggested scans or ultrasound. The continuing status of his thyroid cancer is of great concern and potentially life threatening if not properly medically addressed.

In addition, to the diagnosis and presence of cancer, Mr. Gellad has previously been diagnosed with severe depression. Dr. Mack, in his recent neuropsychological and psychological evaluation, has diagnosed Mr. Gellad with Major Depressive Disorder, Severe with Low-Level, Intermittent Minimal Psychotic Features. A copy of the comprehensive Neuropsychological and Psychological Evaluation Report and medical records relating to the cancer diagnosis and treatment will be sent to the Court under seal.

It is believed and therefore averred that Mr. Gellad's physical and mental/emotional condition qualify as a departure pursuant to 5K2.22 independently, as well as in combination with each other, and constitutes extraordinary physical impairments as further defined by 5H1.4.


### C.  *§ 5K2.13*  <u>*Diminished Capacity*</u>

*A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.*

In <u>United States v. Leandre</u>, 132 F.3d 796, 803 (C.A.D.C. 1998), the Court stated that "departure for 'significantly reduced mental capacity' under <u>section 5K2.13</u> does not require a showing of insanity. *Cf.* <u>United States v. Spedalieri, 910 F.2d 707, 711 (10th Cir.1990)</u>. Neither does it require a defendant's diminished capacity to have prevented formation of the legally defined mental state associated with an offense. Nor must a defendant demonstrate that he or she is severely mentally retarded. The departure under <u>section 5K2.13</u> applies to all crimes equally and may be considered by the sentencing judge even if the fact-finder has rejected a defense of insanity or diminished capacity. *See* <u>*Spedalieri,* 910 F.2d at 711</u>; <u>United States v. Cheape, 889 F.2d 477, 480-81 (3d Cir.1989)</u>. As this court emphasized in vacating and remanding for resentencing in

*Chatman,* the ultimate goal of section 5K2.13 "is to treat with lenity those individuals whose reduced mental capacity contributed to the offense." *Chatman,* 986 F.2d at 1452 (internal quotation marks omitted)."

The Court also noted that a "defendant's reduced mental capacity need not be the necessary cause of the commission of his crime in order for him to be eligible for a downward departure under section 5K2.13. In other words, a defendant is not required to prove that he would not have committed the offense but for the existence of his mental infirmity. All of the circuits to have addressed the issue of causation have rejected a "but-for" test. S *ee, e.g., United States v. Cantu,* 12 F.3d 1506, 1515 (9th Cir.1993); *United States v. Soliman,* 954 F.2d 1012, 1014 (5th Cir.1992); *United States v. Glick,* 946 F.2d 335, 339 (4th Cir.1991); *United States v. Lauzon,* 938 F.2d 326, 331 (1st Cir.1991); *United States v. Ruklick,* 919 F.2d 95, 97 (8th Cir.1990). *See also United States v. Speight,* 726 F.Supp. 861, 868 (D.D.C.1989). The plain language of section 5K2.13, permitting departures, 'to reflect the extent to which reduced mental capacity contributed to the commission of the offense,' makes clear that the defendant's diminished capacity need be only a contributing factor. U.S.S.G. § 5K2.13; *see also Cantu,* 12 F.3d at 1515; *Ruklick,* 919 F.2d at 97-98.

As stated previously, Dr. Mack, in his recent neuropsychological and psychological evaluation, has diagnosed Mr. Gellad with Major Depressive Disorder, Severe with Low-Level, Intermittent Minimal Psychotic Features. It is believed and therefore averred that evidence will be provided to the Court at the time of sentencing that will reflect that Mr. Gellad had a significantly reduced mental capacity at the time, and thereafter, he had contact with the victim, which impaired his ability to understand the wrongfulness of his behavior or exercise the power of reason and/or control behavior that he knew to be wrongful. A copy of the comprehensive Neuropsychological and Psychological Evaluation Report will be sent to the Court under seal.

**VARIANCE**

**D.** *18 U.S.C. § 3553(b)(2)(A)(ii) Child crimes and sexual offenses - Sentencing*

[If] the court finds that there exists a mitigating circumstance of a kind, or to a degree, that –

(1) Has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under Title 28, Section 994(a), United States Code, taking account of any amendments to such sentencing guidelines or policy statements by act of Congress;

(2) Has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines; and

(3) Should result in a sentence different from that described

*18 U.S.C. § 3553(a)  <u>Factors to be considered in imposing a sentence</u>*

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed –
   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) To afford adequate deterrence to criminal conduct;
   (C) To protect the public from further crimes of the defendant; and
   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available;
(4) The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

The mitigating circumstances of a kind or to a degree not adequately taken into consideration by the Sentencing Commission, and affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines, are as stated above, to wit, 5K2.22 and 5K2.13. It is respectfully requested that, in lieu of the Courts' ruling on the afore-stated grounds for downward departures, that, the Defendant avers that the same grounds or arguments justify a sentencing variance as to the guideline range that the Court determines appropriate in this matter.

In conclusion, because Mr. Gellad will be required to serve a mandatory minimum term of imprisonment of ten (10) years or 120 months, pursuant to 18 U.S.C. § 2422(b), we pray that this Court based on the afore-stated grounds, and because of Mr. Gellad's lack of criminal history and stellar business record and good character, be sentenced to no more than 120 months. A sentence of this nature, as provided for *18 U.S.C. § 3553(a),* will certainly promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct.

**Respectfully submitted,**

**s/Stephen M. Misko**
**Stephen M. Misko, Esquire**
**Attorney for David Gellad**