IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | NO. 11-88-SLR |
| DAVID GELLAD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### GOVERNMENT'S REPLY TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The Government respectfully submits this brief reply to Defendant's Supplemental Sentencing Memorandum, which was received by the undersigned counsel late yesterday. For the reasons stated below, the Court should find that the Probation Office has correctly calculated the Guidelines range as being 188-235 months. Furthermore, there is no "waiver" of the applicable 5-level enhancement under U.S.S.G. § 4B1.5(b) based on the Government's notifying the Probation Office of its absence from the draft PSR on March 25, 2013.

First, the Probation Office has correctly included a 5-level enhancement based on Defendant's engaging in "a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). A "pattern of activity" exists where the defendant "*on at least two separate occasions . . . engaged in prohibited sexual conduct with a minor.*" *Id.* § 4B1.5(b) (emphasis added); App. Note 4(B)(i). Moreover, "[a]n occasion of prohibited sexual conduct may be considered for purposes of subsection (b) *without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.*" *Id.* App. Note 4(B)(ii) (emphasis added); *see also* Gov't Sent. Memo at 23-25.

1

Contrary to Defendant's claim, he is a "repeat sex offender." Def. Supp. Mem. at 3. Defendant engaged in a "pattern of activity" by traveling from Canada to Delaware on two occasions to engage in prohibited sexual conduct with Jane Doe. The first occasion was in March 2011. The second occasion was in June 2011. Defendant also solicited sexually explicit images from Jane Doe. By its express terms, the enhancement clearly applies here.

Defendant's claim that Section 4B1.5(b) only applies where there are "independent" occurrences of prohibited sexual conduct is contradicted by the enhancement's express terms and the case law applying it. *See, e.g.*, *United States v. Pappas*, -- F.3d --, 2013 WL 1859115, at *3 (6th Cir. May 6, 2013) (§ 4B1.5(b) applied where defendant molested one minor on multiple occasions and produced two videos of such abuse on two occasions); *United States v. Reibel*, 688 F.3d 868, 869-70 (7th Cir. 2012) (§ 4B1.5(b) applied where defendant took sexually explicit pictures of same child on two occasions); *United States v. Osorio*, No. 11-16107, 2012 WL 2866279, at *1 (11th Cir. July 13, 2012) (§ 4B1.5(b) applied where defendant recorded explicit videos of same minor on 4 occasions). Thus, whether he is charged with one or more counts of enticement is immaterial to application of Section 4B1.5(b), where he engaged in "prohibited sexual conduct" on at least two occasions.

Defendant's argument that the Government somehow "waived" the application of Section 4B1.5(b) by not advising the Probation Office of its absence from the first draft of the PSR in its first communication to the Probation Office is meritless. Federal Rule of Criminal Procedure 32 does not say that any objection not raised in an initial communication to the Probation Office is thereafter "waived." To the contrary, that Rule provides that a new objection

can be raised even at the sentencing hearing itself, well after the PSR is finalized and submitted to the parties and the Court. We are far from such a circumstance here.

The Government advised the Probation Office (and defense counsel) of Section 4B1.5(b)'s applicability on March 25, 2013 – more than 1.5 months before the sentencing hearing. The Probation Office was able to receive input from both parties before including Section 4B1.5(b) it its Guidelines calculation in the revised drafts of the PSR. The parties have had the revised PSR including the Section 4B1.5(b) enhancement since March 27, 2013. Indeed, Defendant is arguing against the enhancement's applicability in advance of the sentencing hearing. There is thus no basis for a finding of "waiver."[1]

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant be sentenced to a term of imprisonment of 235 months, followed by a 5-year term of supervised release.

                                      Respectfully submitted,

                                      CHARLES M. OBERLY, III
                                      UNITED STATES ATTORNEY

                     By:    /s/ *Edward J. McAndrew*
                            Edward J. McAndrew
                            Assistant United States Attorney

Dated: May 10, 2013

---

[1] The Government rests on its arguments in its opening Sentencing Memorandum regarding the legal and factual basis for awarding restitution in the amount of $150,941.