# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL DIVISION |
| | : | |
| | : | Case No. 11-cr-88-SLR |
| v. | : | |
| | : | |
| | : | |
| DAVID GELLAD | : | |

## DEFENDANT'S OBJECTIONS TO REVISED PRESENTENCE INVESTIGATION REPORT

AND NOW, comes the Defendant, David Gellad, by and through his attorney, Stephen M. Misko, Esquire, and respectfully files **Defendant's Objections to Revised Presentence Investigation Report**, in accordance with the United States Sentencing Guideline (U.S.S.G.) Manual, 6A1.2.

The Defendant hereby incorporates by reference the comments and objections lodged in its **Defendant's Position With Respect to Sentencing Factors**, filed herein on March 4, 2013 [Doc. 42].

**Offense Level Computations**

**Paragraph 46: Chapter Four Enhancements**

The Defendant objects to the Chapter Four, 5-level increase of the Adjusted Offense Level, pursuant to 4B1.5(b)(1), on the following grounds:

1. U.S.S.G. Chapter Four are Criminal History and Criminal Livelihood sentencing enhancements and, generally, speak to the need to protect the public from offenders with past criminal conduct. Specifically, PART B -- CAREER OFFENDERS AND CRIMINAL LIVELIHOOD, relate to individuals with either

substantial criminal history or patterns of criminal conduct engaged in as a livelihood.

**The Defendant herein has no past criminal conduct or criminal history, nor does he have a pattern of criminal conduct engaged in as a livelihood.**

2. The *Commentary Background* Note of 4B1.5 states that *[t]his guideline applies to offenders whose instant offense of conviction is a sex offense committed against a minor and who present a continuing danger to the public.*

    *"Sex offense conviction" means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor; and does not include trafficking in, receipt of, or possession of, child pornography.*

    **There is no evidence that the Defendant is a continuing danger to the public. In addition, the instant offense of conviction is not a sex offense as defined by Application Note 3(A)(ii), as the Defendant is not legally classified as a "repeat offender", pursuant to 18 U.S.C. § 2426.**

3. *Application of Subsection (b), "prohibited sexual conduct" means any of the following: (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography, or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography.*

    **18 U.S.C. § 2426 provides for enhanced penalties against "repeat offenders", and (b)(1) relates to "<u>prior</u> sex offense conviction", neither of which applies to the Defendant, since the PSR reflects no prior criminal convictions as defined by this section.**

4. *Application of Subsection (b), "pattern of activity" means that, on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.*

    **Again 18 U.S.C. § 2426 provides for enhanced penalties against "repeat offenders", and (b)(1) relates to "<u>prior</u> sex offense conviction", neither of which applies to the Defendant, since the PSR reflects no prior criminal convictions as defined by this section. In addition, the instant matter is a single count indictment relating to a continuing course of conduct, and is not charged as multiple incidents. Lastly, notwithstanding the language of 18 U.S.C. § 2422(b) [person … <u>can</u> be charged with a criminal offense], any substantive state law offenses alleged in this matter are simply unproven allegations, which the Defendant vehemently denies, as he has done so previously.**

5. *Rule 32(f) of the Federal Rules of Criminal Procedure, "Objecting to the (Presentence) Report" states:*

   (1) Time to Object. Within 14 days after receiving the presentence report, the parties must state in writing any objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.
   (2) Serving Objections. An objecting party must provide a copy of its objections to the opposing party and to the probation officer.
   (3) Action on Objections. After receiving objections, the probation officer mat meet with the parties to discuss the objections. The probation officer may than investigate further and revise the presentence report as appropriate.

   **As noted in the Addendum to the Presentence Report, the Government had no objections to the presentence report, including the sentencing guideline range. See page 23. The Government also asserted that it "believes that the PSR correctly states the applicable Guidelines calculations." See page 28. On March 25, 2013, the Government emailed the Probation Officer objecting and/or requesting a 5-level increase in the Adjusted Offense Level, pursuant to 4B1.5(b), resulting in a Adjusted Offense Level of 36 and a Guideline Range of 188-235 months. As a result of this email, the Probation Office filed the instant Revised Presentence Report adopting the Government's position. This change to the original Presentence Report is objectionable given the Government's objection and/or request was untimely under the Rule and, therefore, waived. As such, Probation should and must not consider this**

**Paragraph 47: Adjusted Offense Level (Subtotal)**

The Defendant objects to the Adjusted Offense Level of 39 based on the improper application of a 5-level increase, pursuant to 4B1.5(b). The Defendant believes and therefore avers that the Adjusted Offense Level should either reflect 32, based on the Defendant's prior objections, or 34, based on the prior Presentence Report.

**Paragraph 49: Total Offense Level**

The Defendant objects to the Total Offense Level of 36 based on the improper application of a 5-level increase, pursuant to 4B1.5(b). The Defendant believes and therefore avers that the Total Offense Level should either reflect 29, based on the Defendant's prior objections, or 31, based on the prior Presentence Report.

## PART D.     SENTENCING OPTIONS

### Custody

**Paragraph 94: Guideline Provisions**

The Defendant objects to the Total Offense Level of 36 and Guideline Range of Imprisonment of 188 – 235 months, based on the Objections raised in Paragraph 46. The Defendant believes and therefore avers that his Total Offense Level is either 29 or 31, thereby reflecting a Guideline Range for Imprisonment of either 87 – 108 or 108 – 135 months, respectively, notwithstanding the mandatory minimum of 120 months.

### Restitution

**Paragraph 105:**

After a review of the itemized claims of restitution submitted by the victim's mother, in the amount of $101,370.00, the Defendant objects to any expense not directly related to the victim's mental health treatment, such as private schooling, clothing, transportation costs and lodging of the victim's parents and related expenses.

                        **Respectfully submitted,**

                        **s/Stephen M. Misko**
                        **Stephen M. Misko, Esquire**
                        **Attorney for David Gellad**