# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL DIVISION |
| | : | |
| | : | Case No. 11-cr-88-SLR |
| v. | : | |
| | : | |
| | : | |
| DAVID GELLAD | : | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the Defendant, David Gellad, by and through his attorney, Stephen M. Misko, Esquire, and respectfully files **Defendant's Position With Respect to Sentencing Factors**, in accordance with the United States Sentencing Guideline (U.S.S.G.) Manual, 6A1.2.

**PART A.    THE OFENSE**

**The Offense Conduct**

**Paragraph 11:**

The Defendant believes and therefore avers, based on his knowledge of the incident as well as Rule 16 documents provided by the Government, that the only mode of online communications between himself and the victim was by FFM and, therefore, objects to the other suggested forms of communication, to wit, Facebook and AOL Instant Messenger. This same objection would also apply to Paragraphs 12 and 40.

**Paragraph 12:**

The Defendant believes and therefore avers that he never *"requested that (the victim) send him images of herself naked during (their online) chats"*, including ones that were sexually explicit in nature. To the contrary, while such images were transmitted to him, it was done unilaterally by the victim absent any encouragement on his part. To that extent, there are no Rule 16 documents, in the form of texts or emails, that support the Government's position.

**Paragraph 15:**

The Defendant believes and therefore denies that he engaged in oral sex with the victim, digitally penetrated her vagina, and placed her hand on his penis, while at the Courtyard Marriott in Newark, Delaware.

**Victim Impact**

**Paragraph 31:**

The Victim claims $101,370.00 in restitution; however, no proof or itemization of same has been provided, to date, to the Defendant or his Counsel. As such, the Defendant objects to the amount claimed herein.

**Offense Level Computations**

**Paragraph 39:**

The Defendant objects to a 2-level increase of the Base Offense Level, pursuant to 2G1.3(b)(2)(B), on the grounds that he *"encouraged the victim to take sexually explicit images of herself and transmit them to him via computer."* See paragraph 12. However, the Defendant does not dispute a 2-level increase predicated on that he unduly influenced a minor to engage in prohibited sexual conduct, to wit, a sexual activity for which a person can be charged with a criminal offense [2A3.1, Commentary, Application Note 1]. This averment is based on allegations the victim claimed occurred during the June 2011 visit by the Defendant and conduct that occurred in the State of Delaware, as provided for in Indictment.

**Paragraph 41:**

The Defendant objects to a 2-level increase, pursuant to 2G1.3(B)(4), as he denies that he actually engaged in sexual contact with the victim as alleged, and as stated in the Criminal Complaint and Information, filed in the Court of Common Pleas of Chester County, Pennsylvania, and specifically that he committed the offense of Fourth Degree Rape in the State of Delaware. By objecting herein, the Defendant does not dispute that he violated Federal Law, to wit, 18 U.S.C. § 2422(b), to which he pled guilty to and for which he accepts full responsibility.

**Paragraph 45:**

Based on the objection raised in Paragraph 41, the Defendant believes and therefore avers that his Total Offense Level, to include a 3-level reduction pursuant to 3E1.1(a) and (b), would be 29.

## PART C.   OFENDER CHARACTERISTICS

### Personal and Family Data

**Paragraph 58:**

Contrary to the assertion that *"the defendant's step-daughter (Janik Joly Champagne) has not been in contact with (the defendant)"*, since his arrest and incarceration, the Defendant has spoken to Janik numerous times via telephone calls and video call visits. Because of her college studies and weekend employment obligations, Janik has been unable to visit with the Defendant at the Salem County Correctional Center, but has chosen the above-stated means to communicate with him.

### Physical Condition

**Paragraph 66:**

The Defendant is on 25 mg of Atenol, and not 2 mg as stated.

**Paragraph 68:**

The Defendant was previously treated with 50 mg of Paxil, and not 20 mg per day as stated.

### Financial Condition: Ability to Pay

**Paragraph 84**

The Defendant's financial condition should be supplemented with the following list of outstanding debts, which reflect his inability to pay a fine herein:

- Approximately $50,000.00 owed on various credit cards
- Approximately $15,000.00 owed for back taxes
- Approximately $35,000.00 owed on to former customers for unfinished projects
- Approximately $25,000.00 owed to his sister for legal fees and expenses
- Approximately $10,000.00 owed to his brother for legal fees and expenses

**\*\*  The Defendant attempted to file bankruptcy through the Canadian Courts; however, was denied based on his incarceration status in the United States. The Canadian Bankruptcy Court requires that the debtor be physically present during the bankruptcy proceedings.**

## PART D.   SENTENCING OPTIONS

### Custody

**Paragraph 87:**

Based on the Objections raised in Paragraph 41, the Defendant believes and therefore avers that his ***Guideline Range for Imprisonment is 87 – 108 months***, notwithstanding the mandatory minimum of 120 months. This is based on a Total offense Level of 29 and a Criminal History Category of I.

### Supervised Release

**Paragraph 92:**

The Defendant would respectfully request relief from the Supervised Relief condition that he *"shall not own or operate a personal computer or electronic devices with Internet access in (his) home or any other location, including employment … for at least one year."* The Defendant's future employment opportunities are predicated on access to and use of a computer. It is believed that software exists to monitor and/or restrict use of a computer utilized by the Defendant in accordance with the other restrictions and conditions imposed herein.

### Restitution

**Paragraph 98:**

The Victim claims $101,370.00 in restitution as a result of the Defendant's criminal conduct; however, no proof or itemization of same has been provided, to date, to the Defendant or his Counsel. As such, the Defendant objects to the amount claimed herein.

**Respectfully submitted,**

**s/Stephen M. Misko**
**Stephen M. Misko, Esquire**
**Attorney for David Gellad**