IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 11-0088 (MN) |
| | ) |
| DAVID GELLAD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 20th day of April 2021:

Defendant David Gellad ("Gellad" or "Defendant") was sentenced on May 13, 2013 to 180 months of imprisonment for coercing or enticing a fourteen-year-old girl to have sexual contact with him. He has been in prison since his arrest on July 25, 2011, and thus has served just under 117 months of his 180 month sentence. His current release date is May 3, 2024. On August 17, 2020, Gellad filed a motion for compassionate release from prison. (D.I. 64). On November 16, 2020, he filed an amended motion. (D.I. 68, 69). The government responded (D.I. 70, 71), and Gellad filed a reply (D.I. 73).

The statute applicable to this motion, 18 U.S.C. § 3582(c), provides:

(c) **Modification of an Imposed Term of Imprisonment**.—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

>considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c),

There is also a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

>Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>(1) (A) extraordinary and compelling reasons warrant the reduction; or
>
>>(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Further, there is an application note that provides:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

"The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). To obtain relief under section 3582(c)(1)(A)(i), Gellad must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence, (3) he is not a danger to others or the community, and (4) a reduction is consistent with the factors set forth in section 3553(a). Courts address these factors in sequence. *See United States v. Leonard,* No. CR 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020) (citing *United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020)).

Here, there is no dispute that Defendant has met the exhaustion requirement of the first prong. Defendant requested compassionate release from the Warden of Federal Correctional Institution Gilmer in West Virginia ("FCI Gilmer") on July 8, 2020. The Warden denied his request on July 23, 2020, noting that Defendant had not presented "extraordinary or compelling reasons" to justify his release. (D.I. 71, Exhibit C). The Warden also noted that the BOP was taking extraordinary measures regarding the management of COVID-19 in its facilities. (*Id.*).[1]

With respect to the second prong, as noted above, the policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons," including specified categories of medical conditions. U.S.S.G. § 1B1.13.

---

[1] As of April 16, 2021, FCI Gilmer was reporting one inmate and three staff who were positive for COVID-19. (*See* https://www.bop.gov/coronavirus/)

4

Defendant does not suffer from those conditions.[2] Instead, Defendant argues that the extraordinary and compelling circumstances supporting his relief are that in 2009 he had thyroid cancer, he has been diagnosed with hypertension, he has asthma, and there is a COVID-19 pandemic.

As of March 29, 2021, the section of the CDC website addressing medical conditions that may make someone at higher risk for complications relating to COVID-19 state in relevant part:

> At this time, based on available studies, having a history of cancer may increase your risk.
>
> ***
>
> Chronic lung diseases can make you more likely to get severely ill from COVID-19. These diseases may include: Asthma, if it's moderate to severe.
>
> ***
>
> Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) can make you more likely to get severely ill from COVID-19.

The Government has produced Defendant's medical records, which show that although Defendant had cancer in 2009, he has been cancer free since before his conviction in this matter, his hypertension is adequately treated, and the medical records do not show that he has experienced asthma-related symptoms over the past several years. Thus, he does not have such health issues as to demonstrate "extraordinary and compelling circumstances," even when combined with the on-going COVID-19 pandemic, and thus, he does not qualify for compassionate release. This Court therefore need not consider the third and fourth steps in the analysis.

---

[2] Defendant also notes the struggles of his elderly parents in Canada during the pandemic. The circumstances described are not covered by the "Family Circumstances" addressed in the application note.

5

THEREFORE, IT IS HEREBY ORDERED that Defendant's motions (D.I. 64, 68) are DENIED without prejudice.

_____
The Honorable Maryellen Noreika
United States District Judge